UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON SCOTT HUNTER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C08-1349-JCC-JPD
CR06-296-JCC-13

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jason Scott Hunter, a federal inmate, has filed a 28 U.S.C. § 2255 motion, Dkt. No. 1, which seeks to correct, vacate or set aside the 43-month sentence imposed following his November 2006 guilty plea to one count of conspiracy to engage in money laundering. Respondent United States of America has filed a response opposing the motion. Dkt. No. 7. Petitioner did not file a reply. After careful consideration of the motion, the government's response, all governing authorities, and the balance of the record, the Court recommends that the motion be DENIED and this case DISMISSED with prejudice.

## II. FACTS AND PROCEDURAL HISTORY

### A. Petitioner's Criminal Case

Petitioner, a Canadian, entered the United States in December 2005 and on several occasions thereafter transported currency and cocaine for a group of Canadian drug dealers. CR Dkt. No. 133.[1] Petitioner was recruited by a fellow Canadian and eventual co-defendant, Dale Alexander Prentice. *Id.*

Petitioner's job was to transport drug proceeds between Los Angeles, New York City, and Seattle, and he obtained a Lexus SUV with a hidden compartment for the task. *Id.* He moved anywhere from $200,000 to $600,000 on each trip, and he also transported cocaine on his return trips. *Id.* He transported between 10 and 20 kilograms of cocaine on each trip.

By August 2006, Petitioner was living in King County and making frequent trips to Los Angeles for others. *Id.* Petitioner was paid cash for each trip. On September 6, 2006, federal agents executed a search warrant at Petitioner's residence in King County and found $580,950 in United States currency and a Lexus SUV with a hidden compartment. *Id.*

Petitioner cooperated with the authorities and based on his cooperation, the United States authorities were able to prosecute Prentice for significant cocaine trafficking, as well as to assist drug investigations in other districts.

### B. Petitioner's Guilty Plea

Based on his cooperation, Petitioner was given the opportunity to plead guilty to a single count of conspiracy to engage in money laundering for the $580,950 in cash found at his residence. On November 29, 2006, Petitioner entered a guilty plea to conspiracy to engage in money laundering in accordance with the terms of his Plea Agreement. *See* Dkt. No. 133.

---

[1] "CR Dkt. No. __" refers to docket entries in Petitioner's criminal District Court case, CR06-296-JCC-13. Dkt. No. 133 is Petitioner's Plea Agreement.

C. <u>Petitioner's Sentence</u>

Petitioner, the government, and the Probation Office each asserted a Sentencing Guidelines range of 87 to 108 months' imprisonment. CR Dkt. Nos. 242, 244. However, the government filed a downward departure motion, pursuant to U.S.S.G. § 5K1.1, and recommended 44 months' imprisonment. The Probation Office recommended 43 months and Petitioner sought 36 months.

At the March 30, 2007 sentencing hearing, United States District Judge John C. Coughenour found the Sentencing Guidelines range to be 87 to 108 months' imprisonment. Judge Coughenour granted the government's downward departure motion, and imposed 43 months' imprisonment and three years of supervised release. CR Dkt. Nos. 250, 251; Dkt. No. 1 at 1. Judgment was entered that same day. CR Dkt. No. 251.

D. <u>Direct and Collateral Review</u>

Petitioner did not file a direct appeal. He filed the instant § 2255 motion for a writ of habeas corpus on September 8, 2008. Dkt. No. 1. Petitioner is presently incarcerated in the California City Correctional Center in California City, California. His projected release date is November 13, 2009. *See* Federal Inmate Locator, *available at* http://www.bop.gov/iloc2/LocateInmate.jsp.

### III. DISCUSSION

As his sole basis for habeas relief, Petitioner alleges ineffective assistance of counsel because his counsel did not request at the sentencing hearing a further downward departure based upon Petitioner's status as a deportable alien. Dkt. No. 1 at 4. Petitioner relies primarily on *United States v. Pacheco-Soto*, 386 F. Supp. 2d 1198 (D.N.M. 2005), in which the district court found that a two-level downward departure was appropriate (but not mandatory) because the defendant's status as a deportable alien meant that he would not be eligible for early release, to serve his sentence in a minimum security prison, or for reduced

credits for participation in a drug or alcohol abuse program. *See Pacheco-Soto*, 386 F. Supp. 2d at 1205-06.

      A.      <u>Petitioner's § 2255 Motion is Untimely</u>.

The federal habeas statute contains a one-year limitations period on § 2255 motions which runs from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). An unappealed conviction becomes final when the time for filing a direct appeal expires. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003) (judgment of conviction becomes final for the purpose of 28 U.S.C. § 2255 when the defendant's opportunity for direct appeal of his conviction has been exhausted); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (same).

Here, Petitioner was sentenced on March 30, 2007 and judgment was entered that same day. CR Dkt. No. 251. He did not file a direct appeal. Therefore, the conviction became final 10 days later on April 9, 2007. *See* Fed. R. App. Pro. 4(b)(1) (in a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the entry of judgment). As a result, the one-year statute of limitations under § 2255 ended on April 9, 2008. However, Plaintiff did not file the instant motion until September 8, 2008, five months later. Petitioner has not provided any reason for his failure to timely file his § 2255 motion. Accordingly, his motion is untimely and procedurally barred.

## IV. CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's § 2255 motion be DENIED and this case DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 24th day of April, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge